■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARR WILLIAMS, Appellant. [630 NYS2d 91] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered August 12, 1992, convicting him of murder in the second degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgement is affirmed.

The trial court properly denied the defendant's request to introduce into evidence prior consistent statements on redirect examination of the defendant after the prosecutor impeached the defendant by using prior inconsistent statements. It is well settled that a witness's prior inconsistent statements may be used to impeach his testimony at trial and that the inconsistencies may be reconciled on redirect examination by relating to the jury the relevant surrounding circumstances *(see, People v Melendez,* 55 NY2d 445). However, the "mere fact that a portion of a statement is raised by the prosecutor to impeach [the] defendant on a particular issue does not entitle [the] defendant to bolster his own credibility by introducing other portions [of the statement] containing prior consistent statements on unrelated matters" *(People v Ramos,* 70 NY2d 639, 641).

The defendant's remaining contentions, including those contained in his supplemental *pro se* brief, are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Rosenblatt, J. P., Ritter, Copertino and Hart, JJ., concur.