■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT FRANKLIN, Appellant. [671 NYS2d 270] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered September 12, 1995, convicting him of murder in the second degree, attempted murder in the first degree, attempted murder in the second degree (four counts), assault in the second degree, criminal possession of a weapon in the second degree (five counts), criminal possession of a weapon in the third degree (four counts), and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of various crimes arising from two separate shooting sprees. On appeal, he argues that the court erred in denying two of his challenges for cause made during jury selection. However, because the defendant did not exhaust his peremptory challenges, this claim is unpreserved for appellate review (see, CPL 270.20 [2]; *People v Guzman,* 76 NY2d 1, 4; *People v Simmons,* 218 AD2d 677).

The defendant also argues that the court erred when it found that the People, in support of a reverse *Batson* challenge, had established a prima facie case that the defense was using its peremptory challenges for the impermissible discriminatory purpose of striking all white male venirepersons (see, *People v Childress,* 81 NY2d 263; *People v Kern,* 75 NY2d 638, *cert denied* 498 US 824). However, because the court ruled on the ultimate issue of whether the race-neutral reasons proffered by the defense were pretextual, the issue of whether or not the People established a prima facie case of discrimination is moot (see, *People v Payne,* 88 NY2d 172; *People v Jones,* 204 AD2d 485). Further, the court did not err in holding certain race-neutral reasons proffered by the defense to be pretextual (see, *People v Liang Jun Ying,* 236 AD2d 630; *People v Richie,* 217 AD2d 84).

The defendant's remaining contentions are not preserved for appellate review (see, CPL 470.05 [2]). Miller, J. P., Ritter, Krausman and Goldstein, JJ., concur.