OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 On August 19, 1994, defendant Joseph Parks entered a bagel shop in Queens. After walking around the store for a few minutes, defendant pulled out a gun and announced a robbery. Three other people were in the store: Victor ‘Vito” Colello, the
 
 *813
 
 store manager; John Johannes, an employee; and Glenn Iscoe, a customer. Colello and Johannes stood behind the counter that separated them from defendant while Iscoe stood next to defendant.
 

 Holding his gun in the air, defendant ordered Iscoe to place his wallet on the counter. Iscoe obeyed. Defendant then instructed Colello to empty the cash register into a brown paper bag. After Colello did so, he complied with defendant’s additional demand to pick up Iscoe’s wallet from the counter and place it in the bag. Defendant then warned Colello to hurry and threatened him if he did not move faster.
 

 Defendant next ordered Colello to place his wallet in the bag. Just seconds after Colello obeyed that order, Iscoe rushed defendant and tried to subdue him. Defendant managed to dodge Iscoe’s initial thrust and shot Iscoe to death when Iscoe lunged at him a second time. Defendant then fled the scene, but not before returning to the counter to grab the brown paper bag.
 

 Defendant was indicted on multiple counts of murder and robbery along with other related charges. Seven separate counts were submitted to the jury for their consideration: one count of intentional murder in the second degree (Penal Law § 125.25 [1]), one count of felony murder in the second degree (Penal Law § 125.25 [3]), four counts of robbery in the first degree (Penal Law § 160.15 [1], [2]) and one count of criminal possession of a weapon in the second degree (Penal Law § 265.03). Two of the four counts of robbery related to the forcible theft of Iscoe’s wallet (Penal Law § 160.15 [1] [causing serious physical injury to Iscoe during the course of the robbery]; Penal Law § 160.15 [2] [armed with a deadly weapon during a robbery]) and the other two counts related to the forcible theft of money from Colello (Penal Law § 160.15 [1] [causing serious physical injury to Iscoe during the course of the robbery]; Penal Law § 160.15 [2] [armed with a deadly weapon during a robbery]).
 

 The felony murder count of the indictment charged that defendant “having committed the crime of robbery, and in the course of and in furtherance of such crime or of immediate flight therefrom, caused the death of Glenn Iscoe.” In its instructions to the jury, the trial court did not identify which robbery served as the predicate for the felony murder charge. Nor did the People, in their indictment or in their theory of the case, identify which robbery served as the predicate.
 

 The jury found defendant guilty of felony murder, all four counts of robbery in the first degree and criminal possession of
 
 *814
 
 a weapon in the second degree. Supreme Court sentenced defendant to an indeterminate prison term of 25 years to life on the felony murder conviction and 12V2 to 25 years on each of the four robbery convictions. The court directed that the sentences for the two counts of robbery concerning Iscoe would run concurrently with the sentence imposed for the felony murder. The court further determined that the sentences for the two counts of robbery relating to Colello would run consecutively to the other sentences but concurrently with each other.
 
 [1]
 

 On appeal, the Appellate Division modified the judgment, on the law, by providing that all the terms of imprisonment run concurrently with each other and as modified, affirmed. The Court determined that “[inasmuch as the defendant’s convictions for robbery in the first degree and murder in the second degree (felony murder) were part of the same act, the Supreme Court erred in imposing consecutive sentences for two of the counts of robbery in the first degree” (257 AD2d 636, 637). An Associate Judge of this Court granted the People’s request for leave to appeal and we now affirm.
 

 The People argue that the trial court had authority to impose consecutive sentences because defendant’s robbery of Iscoe was a separate and distinct act from the robbery of Colello. Defendant, on the other hand, argues that because the indictment and the jury charge failed to specify which robbery served as the predicate felony for the felony murder of Iscoe concurrent sentences are required
 
 (see, e.g., People v Jeanty,
 
 268 AD2d 675;
 
 People v Ortiz,
 
 250 AD2d 626,
 
 lv denied
 
 92 NY2d 858;
 
 People v Flores,
 
 207 AD2d 562,
 
 lv denied
 
 84 NY2d 935).
 

 Under Penal Law § 70.25 (2), a sentence imposed “for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other * * * must run concurrently.” We have thus recognized that sentences imposed for two or more offenses may not run consecutively: “(1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other”
 
 (People v Laureano, 87
 
 NY2d 640, 643). The defendant “benefits if either prong is present, and
 
 *815
 
 the prosecution’s burden is to countermand both prongs”
 
 (People v Day,
 
 73 NY2d 208, 211).
 
 [2]
 

 In the instant case, under the second prong of Penal Law § 70.25 (2), the People have failed to establish the robbery of Colello as a separate and distinct act from the felony murder of Iscoe. A person commits felony murder when he commits or attempts to commit a predicate felony “and, in the course of and in furtherance of such crime or of immediate flight therefrom,” he or another participant “causes the death of a person” other than one of the participants (Penal Law § 125.25 [3]). Robbery is one of the enumerated acts which can serve as a predicate for felony murder. Here, the trial court charged the jury that it could convict defendant of felony murder if he killed Iscoe in the course and furtherance of a robbery. The court did not specify whether the Colello or the Iscoe robbery served as the predicate and, thus, the jury was free to use either one. Nor did the indictment or the People’s theory of the case indicate which robbery was the predicate. Under the circumstances, it is impossible to tell which robbery is a separate and distinct act from the felony murder. The People have thus failed to meet their burden and the Appellate Division correctly modified defendant’s sentences to run concurrently.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed in a memorandum.
 

 [1]
 

 . The court also imposed an additional concurrent sentence of YV2 to 15 years for defendant’s conviction of criminal possession of a weapon in the second degree.
 

 [2]
 

 . Even if the material elements overlap, consecutive sentences are permissible where the People demonstrate that the offenses are based on separate and distinct acts (see,
 
 People v Laureano,
 
 87 NY2d 640, 643,
 
 supra).