Thomas GONSA, Petitioner–Appellant,

v.

James STINSON, Superintendent, Respondent–Appellee.

Docket No. 00–2167.

United States Court of Appeals, Second Circuit.

Nov. 25, 2002.

Randi Juda Bianco, Bianco Law Offices, Syracuse, NY, for Appellant.

Alicia R. Ouellette, Attorney General's Office (Eliot Spitzer, Nancy A. Spiegel, of counsel), Albany, NY, for Appellee.

Present WINTER, SACK and SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of February 15, 2000 be, and it hereby is, AFFIRMED.

Thomas Gonsa appeals from the district court's denial of his petition for habeas corpus under 28 U.S.C. § 2254.

The facts of this case were stated in the opinion below. *Gonsa v. Stinson,* No. 97–CV–1828 (N.D.N.Y. Feb. 15, 2000).

█ A jury convicted Gonsa of Robbery, Criminal Possession of Stolen Property, Second Degree Murder (Felony Murder) and Second Degree Murder (Depraved Indifference Murder). The court sentenced Gonsa to concurrent twenty-five years to life terms on the Murder convictions. Gonsa was also sentenced to seven years for Robbery to be served concurrently with two and one-third to seven years for Criminal Possession, but consecutively to the Murder sentences. Gonsa's total term is an indeterminate sentence of 33 and 1/3 years to life.

This sentence was improper. Under New York law, the Robbery sentence was required to be served concurrently with the Felony Murder sentence because the robbery was an element of the Felony Murder charge. *See* N.Y. Penal Law § 70.25(2); *People v. Parks,* 95 N.Y.2d 811, 813–15, 712 N.Y.S.2d 429, 734 N.E.2d 741 (2000). The Robbery sentence should thus have been made concurrent to the Felony Murder sentence, but consecutive to the Depraved Indifference sentence. The result, however, would have been the same, a total sentence of 33 and 1/3 years to life. On appeal, the Appellate Division concluded, incorrectly, that the trial court had actually sentenced Gonsa to serve the Robbery sentence concurrently with the Felony Murder sentence. *People v. Gonsa,* 220

A.D.2d 27, 32–33, 644 N.Y.S.2d 346, 349–50 (3d Dep't 1996), *leave to appeal denied,* 89 N.Y.2d 923, 654 N.Y.S.2d 725, 677 N.E.2d 297 (1996).

█ Gonsa's habeas corpus petition contends, *inter alia,* that the trial court's imposition of the Robbery sentence consecutive to the Felony Murder sentence violated his double jeopardy rights. The district court concluded that the Appellate Division had "clarified" the sentence to make the Robbery sentence concurrent to the Felony Murder sentence and consecutive to the Depraved Indifference Murder sentence. *Gonsa v. Stinson,* slip op. at 7.

We review a district court's decision on a petition for habeas corpus *de novo. Lurie v. Wittner,* 228 F.3d 113, 121 (2d Cir. 2000). A petition under 28 U.S.C. § 2254 "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

In this appeal, Gonsa does not seek any remedy for the erroneous imposition of a concurrent sentence on both murder counts and the affirmance of that sentence by the Appellate Division based on its misreading of the certificate of conviction. Instead, while Gonsa concedes that the Robbery sentence could properly be made consecutive to the Depraved Indifference Murder sentence, he argues that under the circumstances here, the additional sentence for Robbery is impermissible because Robbery is an element of the Felony Murder charge, and he is therefore "already being punished for Robbery by his conviction for Felony–Murder." Appellant's Br. at 12. Petitioner thus asks this Court to order a reduction in his sentence to 25 years to life.

We agree with the district court's conclusion that there was no error in imposing an 8 ⅓ to 25 year sentence for Robbery to run consecutive to the Depraved Indifference Murder charge because those two charges, unlike Robbery and Felony Murder, are based upon separate acts. *See Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983) ("With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.") Accordingly, the sentence of 33 ⅓ years to life was not improper. The Appellate Division's conclusion, therefore, that the imposition of the consecutive sentence here does not violate Double Jeopardy is not contrary to established Federal law, an unreasonable application of that law, or based on an unreasonable determination of the facts.

We have considered petitioner's remaining arguments and find them without merit.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.