■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK HENRY, Appellant. [775 NYS2d 174]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Perone, J.), rendered June 8, 2000, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The appellant's contention is unpreserved for appellate review, and, in any event, is without merit. Santucci, J.P., Smith, Luciano and Adams, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KATHLEEN HINTON, Appellant. [775 NYS2d 173]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered August 14, 2002, convicting her of robbery in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that her waiver of the right to a jury trial was inadequate and ineffective is not preserved for appellate review (see CPL 470.05 [2]; *People v Magnano,* 77 NY2d 941 [1991], *cert denied* 502 US 864 [1991]; *People v Johnson,* 51 NY2d 986 [1980]; *People v Brunson,* 307 AD2d 323, 324 [2003]). In any event, her contention is without merit. After the defendant discussed the matter with counsel, she signed a waiver form and submitted it while the trial judge was still on the bench. In addition, the trial judge carefully questioned the defendant, on the record in open court, as to her knowledge and awareness of her right to a jury trial and the consequences of her waiver. The defendant also acknowledged, on the record in open court, that it was her signature on the waiver form (see *People v Brunson, supra; People v Perez,* 213 AD2d 351 [1995]; *People v Ospina,* 192 AD2d 680 [1993]).

The sentence imposed was not excessive (see *People v Suitte,* 90 AD2d 80, 83 [1982]). Ritter, J.P., Krausman, Luciano and Cozier, JJ., concur.