■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD COCHRAN, Appellant. [782 NYS2d 74]—

Judgment, Supreme Court, Bronx County (Troy K. Webber, J.), rendered July 11, 2002, convicting defendant, upon his plea of guilty, of robbery in the first and second degrees, and sentencing him, as a second felony offender, to concurrent terms of 8 years and 5 years, respectively, unanimously modified, on the law, to the extent of vacating the second felony offender adjudication and reducing the sentence to concurrent terms of 5 years and $3^1/2$ years, respectively, and otherwise affirmed.

As the People concede, defendant was improperly adjudicated a second felony offender based on a 1992 robbery conviction in Maryland. Review of the Maryland and New York robbery statutes shows that in Maryland, the intent to steal need not exist at the time force is employed (*compare People v Smith*, 79 NY2d 309, 312 [1992], *with Stebbing v State*, 299 Md 331, 351, 473 A2d 903, 912-913 [1984], *cert denied* 469 US 900 [1984]). Since a person may thus be convicted in Maryland of a felony for conduct that would not be felonious in New York, defendant's Maryland robbery conviction does not qualify as a predicate felony (*see Somerville v Conway*, 281 F Supp 2d 515, 520 [2003]). In light of the court's clear intention to impose the minimum permissible terms, we reduce the sentences to 5 and $3^1/2$ years, the minimum terms permitted for first- and second-degree robbery. Concur—Tom, J.P., Sullivan, Williams, Friedman and Marlow, JJ.