■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOWIN TORRES, Appellant. [808 NYS2d 380]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered March 28, 2003, convicting him of criminal sale of a controlled substance in the fifth degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that his waiver of the right to a jury trial was inadequate (*see* CPL 470.05 [2]; *People v Magnano,* 158 AD2d 979 [1990], *affd* 77 NY2d 941 [1991], *cert denied* 502 US 864 [1991]; *People v Ospina,* 192 AD2d 680, 681 [1993]). In any event, the record establishes that the defendant's waiver was knowing, intelligent, and voluntary (*see People v Wheeler,* 258 AD2d 542 [1999]; *People v Brunson,* 307 AD2d 323 [2003]). The defendant acknowledged that he discussed the waiver with his attorney, executed the waiver in open court, and indicated that he understood the nature and consequences of the rights that he waived (*see People v Jones,* 293 AD2d 627 [2002]). Florio, J.P., Schmidt, Fisher and Dillon, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO TORRES, Appellant. [805 NYS2d 842]—Appeal by the defendant from a judgment of the County Court, Rockland County (Resnik, J.), rendered December 16, 2003, convicting him of criminal possession of a weapon in the third degree (two counts) and menacing in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim of ineffective assistance of counsel rests upon matters that are dehors the record and is not properly presented on direct appeal (*see People v Davis,* 261 AD2d 411, 412 [1999]; *People v Boyd,* 244 AD2d 497 [1997]; *People v Lebrun,* 234 AD2d 392, 393 [1996]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Cozier, J.P., Krausman, Goldstein and Skelos, JJ., concur.