■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER CASEY, Appellant. [918 NYS2d 727]—

The defendant's contention that his conviction of burglary in the third degree in the state of New Jersey did not qualify as a predicate New York felony pursuant to Penal Law § 70.06 (1) (b) (i) is unpreserved for appellate review (*see People v Samms*, 95 NY2d 52, 57 [2000]). However, we reach this issue in the exercise of our interest of justice jurisdiction (*see People v Boston*, 79 AD3d 1140 [2010]; *People v Grigg*, 73 AD3d 806 [2010]; *People v Burgos*, 97 AD2d 826 [1983]). As the People correctly concede, the out-of-state crime of which the defendant was convicted would not constitute a felony in New York for the purposes of enhanced sentencing (*see People v Muniz*, 74 NY2d 464, 469 [1989]; NJ Stat Ann § 2C:18-2).

Accordingly, the defendant's adjudication as a second felony offender and the sentence imposed must be vacated, and the matter must be remitted to the Supreme Court, Kings County, so that the defendant may be resentenced as a first-time felony offender (*see* Penal Law §§ 140.20, 70.00 [2] [d]; [3] [b]; *People v Cochran*, 10 AD3d 563 [2004]).

In light of our determination, we need not reach the defendant's remaining contention (*see People v Burgos*, 97 AD2d at 827-828). Angiolillo, J.P., Florio, Belen and Austin, JJ., concur.