Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered May 10, 2010, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was *1233 legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contention, raised in his pro se supplemental brief, that the Supreme Court deprived him of a fair trial and his right to present a defense by precluding defense counsel from introducing his prior videotaped statement into evidence is unpreserved for appellate review, since the specific arguments made by the defendant on appeal were not made by defense counsel in the Supreme Court (see CPL 470.05 [2]; People v Lopez, 82 AD3d 1264 [2011]) and, in any event, is without merit (see People v Williams, 217 AD2d 713 [1995]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Dillon, J.P., Eng, Belen and Sgroi, JJ., concur.