*932 The defendant’s contention that his waiver of the right to a jury trial was inadequate is unpreserved for appellate review (see CPL 470.05 [2]; People v Torres, 24 AD3d 692, 692 [2005]). In any event, the record establishes that the defendant’s waiver was knowing, intelligent, and voluntary (see People v Torres, 24 AD3d at 692; People v Hinton, 6 AD3d 724, 724 [2004]; People v Solouzo, 235 AD2d 439, 439 [1997]).
The defendant failed to preserve for appellate review his contention that his conviction of burglary in the third degree in the State of Connecticut did not qualify as a predicate New York felony pursuant to Penal Law § 70.06 (1) (b) (i) (see People v Samms, 95 NY2d 52, 57 [2000]; People v Casey, 82 AD3d 1005, 1005 [2011]). However, we reach this issue in the exercise of our interest of justice jurisdiction (see People v Casey, 82 AD3d at 1005; People v Boston, 79 AD3d 1140, 1140 [2010]; People v Burgos, 97 AD2d 826 [1983]). As the People correctly concede, the out-of-state crime of which the defendant was convicted would not constitute a felony in New York for the purposes of enhanced sentencing (see People v Muniz, 74 NY2d 464, 467-468 [1989]; Penal Law § 140.20; Conn Gen Stat § 53a-103; cf. People v Cardona, 9 AD3d 337 [2004]; People v Schaner, 133 AD2d 582 [1987]; People v White, 96 AD2d 541, 541-542 [1983]).
Accordingly, the defendant’s adjudication as a second violent felony offender and the sentence imposed on his conviction of two counts of criminal possession of a weapon in the second degree must be vacated. Moreover, since it is not clear from the record whether the sentence imposed in connection with the defendant’s conviction of murder in the second degree was affected by the Supreme Court’s mistaken belief that the defendant had previously been convicted of a violent felony, that sentence must also be vacated, and the matter remitted to the Supreme Court, Kings County, for resentencing on all counts (see People v Torres, 145 AD2d 665 [1988]).
In light of our determination, we need not reach the defendant’s remaining contention (see People v Burgos, 97 AD2d at *933 827-828). Angiolillo, J.P., Dickerson, Belen and Miller, JJ., concur.