# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**432**

**KA 12-02226**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SHAWN GLOVER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SHAWN GLOVER, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Monroe County Court (Frank P. Geraci, Jr., J.), entered October 14, 2012.  The order denied defendant's motion seeking, inter alia, to vacate the judgment of conviction pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting defendant's motion in part and the judgment entered September 4, 1996 is modified by directing that the sentences imposed on counts four and five shall run concurrently with the sentence imposed on count one, and as modified the order is affirmed.

Memorandum:  Defendant appeals, by permission of this Court, from an order denying his pro se motion pursuant to CPL article 440 seeking, inter alia, to vacate the judgment convicting him of murder in the second degree (Penal Law § 125.25 [3] [felony murder]) and four counts of robbery in the first degree (§ 160.15 [1], [4]) in connection with the robbery of two men, and the death of one of those victims.  We previously affirmed that judgment of conviction (*People v Glover*, 266 AD2d 862, *lv denied* 94 NY2d 862).  We note at the outset that the contentions raised by defendant in his pro se supplemental brief were not raised in his CPL article 440 motion and are therefore not properly before us (*see People v Pennington*, 107 AD3d 1602, 1604, *lv denied* 22 NY3d 958).  In his main brief, defendant contends that the sentence imposed is illegal insofar as the judgment directs that the sentences imposed on the two counts of robbery with respect to the surviving victim shall run consecutively to, rather than concurrently with, the sentence imposed on the felony murder count.  We agree that County Court erred in denying his motion to that extent, and we

therefore modify the order accordingly (*see* CPL 440.20 [1]). "[B]ecause the indictment did not specify which of the robbery counts served as the predicate for the felony murder count," the sentences imposed on counts four and five must run concurrently with the sentence imposed on the felony murder count (*People v Davis*, 68 AD3d 1653, 1655, *lv denied* 14 NY3d 839; *see People v Parks*, 95 NY2d 811, 814-815).

Entered:  May 2, 2014                    Frances E. Cafarell
                                         Clerk of the Court