■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAQUAN GLOVER, Appellant. [997 NYS2d 634]—

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered April 11, 2012, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly granted the People's reverse-*Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]; *People v Kern*, 75 NY2d 638 [1990]) and seated a white male juror who was born in Bosnia. Defense counsel's proffered reason for challenging this juror was a concern about the juror's proficiency in English. Since there was no basis in the record to suggest that this juror had any problems understanding or speaking the English language, the record supports the Supreme Court's determination that the proffered reason for challenging this juror was pretextual (*see People v Hecker*, 15 NY3d 625, 656-657 [2010]; *People v Carrington*, 105 AD3d 970 [2013]; *People v Tsouristakis*, 82 AD3d 612, 613 [2011]).

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel (*see Strickland v Washington*, 466 US 668, 669 [1984]; *People v Benevento*, 91 NY2d 708, 712 [1998]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to reach them in the exercise of our interest of justice jurisdiction. Rivera, J.P., Leventhal, Chambers and Sgroi, JJ., concur.