THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ROVINSKY, Appellant. [22 NYS3d 910]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Toomey, J.), rendered June 21, 2013, convicting him of assault in the first degree and assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the adjudication of the defendant as a second felony offender and the sentence imposed thereon; as so modified, the judgment is affirmed, and

the matter is remitted to the County Court, Suffolk County, for resentencing in accordance herewith.

The defendant's contention that his plea was not valid because he had a justification defense is unpreserved for appellate review, since he did not move to withdraw his plea prior to sentencing (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Claudio*, 64 NY2d 858, 858-859 [1985]; *People v Pellegrino*, 60 NY2d 636, 637 [1983]). Although the defendant made a motion to vacate the judgment pursuant to CPL article 440, the issues raised in that motion are not properly before this Court on this direct appeal from the judgment of conviction, as he was denied leave to appeal from the order denying that motion (*see People v Banner*, 122 AD3d 641 [2014]; *People v DeLuca*, 45 AD3d 777 [2007]; *People v DaCosta*, 217 AD2d 661, 662 [1995]).

The defendant's contention that his conviction of burglary in the third degree in New Jersey did not qualify as a predicate New York felony pursuant to Penal Law § 70.06 (1) (b) (i) is unpreserved for appellate review (*see People v Samms*, 95 NY2d 52, 57 [2000]; *People v Smith*, 73 NY2d 961, 962-963 [1989]; *People v Taylor*, 132 AD3d 915 [2015]). However, we exercise our interest of justice jurisdiction to review the issue (*see People v Ballinger*, 99 AD3d 931, 932 [2012]; *People v Casey*, 82 AD3d 1005 [2011]; *People v Boston*, 79 AD3d 1140, 1140 [2010]), and we find that the defendant's prior out-of-state conviction does not constitute a felony in New York for the purposes of enhanced sentencing (*see People v Muniz*, 74 NY2d 464, 469 [1989]; *People v Casey*, 82 AD3d 1005 [2011]; *People v Wallace*, 188 AD2d 499 [1992]). Accordingly, we vacate the adjudication of the defendant as a second felony offender and the sentence imposed thereon, and we remit the matter to the County Court, Suffolk County, for resentencing.

In light of our determination, we need not reach the defendant's remaining contentions (*see People v Casey*, 82 AD3d 1005 [2011]; *People v Burgos*, 97 AD2d 826, 827-828 [1983]). Mastro, J.P., Hall, Sgroi and Duffy, JJ., concur.