■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY D. HICKS, Appellant. [48 NYS3d 504]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Zambelli, J.), rendered June 8, 2012, convicting him of rape in the first degree, criminal sexual act in the first degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's challenge to the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]). In making its ruling, the court engaged in the requisite balancing of probative value against prejudicial effect, and reached an appropriate compromise ruling, which precluded the prosecution from inquiring into the underlying facts of the defendant's prior convictions (*see People v Walker*, 141 AD3d 678, 678 [2016]; *People v Murad*, 55 AD3d 754, 755 [2008]).

The defendant's contention that the prosecution failed to prove his guilt by legally sufficient evidence because his intoxication rendered him incapable of forming the requisite criminal intent is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Lewis*, 96 AD3d 878, 878 [2012]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant manifested the requisite criminal intent (*see People v Zapata*, 98 AD3d 539, 540 [2012]; *People v Dorst*, 194 AD2d 622 [1993]). Moreover, upon fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.