People v Price (2019 NY Slip Op 05693)





People v Price


2019 NY Slip Op 05693


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2015-02705
 (Ind. No. 3225/13)

[*1]The People of the State of New York, respondent,
v
Aamir Price, appellant.


Paul Skip Laisure, New York, NY (William Kastin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Diane Eisner, and Eva A. Oginar of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deborah Dowling, J.), rendered February 6, 2015, convicting him of attempted murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and sentencing him to a determinate term of imprisonment of 25 years, to be followed by 5 years of postrelease supervision, on the conviction of attempted murder in the second degree, to run concurrently with concurrent determinate terms of imprisonment of 15 years, to be followed by 5 years of postrelease supervision, on each of his convictions of criminal possession of a weapon in the second degree.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of attempted murder in the second degree from a determinate term of imprisonment of 25 years, to be followed by 5 years of postrelease supervision, to a determinate term of imprisonment of 18 years, to be followed by 5 years of postrelease supervision; as so modified, the judgment is affirmed.
The defendant's contention that the prosecution failed to prove his guilt by legally sufficient evidence because his intoxicated state when the crime was committed rendered him incapable of forming the requisite criminal intent is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Hicks, 148 AD3d 723). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant manifested the requisite criminal intent (see People v Alston, 77 AD3d 762, 763; People v Hernandez, 257 AD2d 664, 665). Moreover, upon fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was excessive to the extent indicated herein (see People v [*2]Suitte, 90 AD2d 80).
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court