People v Isaac (2021 NY Slip Op 03694)





People v Isaac


2021 NY Slip Op 03694


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


212 KA 17-01813

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CAMERON ISAAC, DEFENDANT-APPELLANT. 






EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (DONALD M. THOMPSON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered September 25, 2017. The judgment convicted defendant, upon a jury verdict, of murder in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]; [b]). We affirm.
Viewing the evidence independently and in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence as to identity (see People v McKenzie-Smith, 187 AD3d 1668, 1668 [4th Dept 2020], lv denied 36 NY3d 1099 [2021]; see generally People v Delamota, 18 NY3d 107, 116-117 [2011]; Danielson, 9 NY3d at 348-349). Specifically, the text messages established that defendant schemed for months to set the victim up in order to rob him of a large quantity of marihuana and that defendant instructed the victim to report to the place where he was killed at the time that he was killed. Additionally, the cell-site data showed that defendant's phone and the codefendant's phone were both present at the time and place of the victim's death, the surveillance videos showed the codefendant's vehicle driving in the vicinity of the crime scene at the relevant time, defendant obtained a new phone minutes after the shooting, and the police recovered bullets from defendant's house that were very similar to, and shared many "unusual" characteristics with, the bullets recovered from the victim's body. Given the overwhelming circumstantial evidence, the notion that some unknown person or group just happened to have robbed and murdered the victim at the very place and time that defendant designated is so implausible that it could not create a reasonable doubt as to defendant's guilt.
We note, however, that the People's brief "incorrectly states that, in conducting our weight of the evidence review, '[t]he jury's determinations should be given great weight . . . and should not be disturbed unless clearly unsupported by the record' " (People v Dexter, 191 AD3d 1246, 1247 [4th Dept 2021], lv denied — NY3d — [2021]). The proper standard for conducting weight of the evidence review is set forth in Delamota (18 NY3d at 116-117) and Danielson (9 NY3d at 349).
Defendant next argues that Supreme Court erred in granting the People's Batson challenge to his peremptory strike of a male prospective juror. The court determined that defendant's proffered reason for peremptorily challenging the subject prospective juror was a mere pretext for impermissible gender discrimination. That determination is entitled to " 'great deference' " (People v Hecker, 15 NY3d 625, 656 [2010], cert denied 563 US 947 [2011]), and it is supported by the record (see People v Glover, 123 AD3d 1142, 1142 [2d Dept 2014], lv denied 25 NY3d 1201 [2015]; People v Franklin, 248 AD2d 726, 726 [2d Dept 1998], lv denied 92 [*2]NY2d 897 [1998]). Thus, the court properly disallowed defendant's peremptory strike of that prospective juror (see generally Flowers v Mississippi, — US &mdash, &mdash, 139 S Ct 2228, 2243 [2019]).
Contrary to defendant's further contention, the court properly allowed a police officer to testify about the meaning of coded language used in the text messages (see People v Browning, 117 AD3d 1471, 1471 [4th Dept 2014], lv denied 23 NY3d 1060 [2014]). Finally, the court properly denied defendant's motion to sever his trial from the codefendant's trial because "the People's evidence was introduced to establish the joint enterprise, . . . there was no irreconcilable conflict between the defenses presented nor was there a significant danger that any alleged conflict led the jury to infer any defendant's guilt . . . [, and] no defendant took an aggressive adversarial stance against another" (People v De Los Angeles, 270 AD2d 196, 197-198 [1st Dept 2000], lv denied 95 NY2d 889 [2000]).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court