People v Holder (2022 NY Slip Op 04919)

People v Holder

2022 NY Slip Op 04919

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2016-13162
 (Ind. No. 316/14)

[*1]The People of the State of New York, respondent,
v
Hayden C. Holder, appellant.

Patricia Pazner, New York, NY (Jenin Younes of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Jordan I. LoCascio of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Charles S. Lopresto, J.), rendered November 16, 2016, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the prosecution failed to prove his guilt by legally sufficient evidence because his intoxicated state when the crime was committed rendered him incapable of forming the requisite criminal intent is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Hicks, 148 AD3d 723). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that the evidence was legally sufficient to establish beyond a reasonable doubt that the defendant manifested the requisite criminal intent (see People v Price, 174 AD3d 741; People v Alston, 77 AD3d 762, 763; People v Hernandez, 257 AD2d 664, 665). Moreover, upon fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the Supreme Court erred in excluding a hearsay statement made by the defendant to the police after his apprehension is unpreserved for appellate review (see CPL 470.05[2]; People v Morris, 189 AD3d 1077, 1079), and, in any event, without merit. Contrary to the defendant's contention, the statement did not constitute an excited utterance (see People v Edwards, 47 NY2d 493, 497). The defendant's further contention that, "irrespective of the hearsay issue," the court's evidentiary ruling deprived him of his constitutional right to present a defense, is likewise unpreserved for appellate review (see People v Estevez, 95 AD3d 1232; People v Lopez, 82 AD3d 1264), and, in any event, without merit (see People v Hayes, 17 NY3d 46, 53-54).
The defendant's alternate contention that he was deprived of his federal or state [*2]constitutional right to the effective assistance of counsel is without merit. The record reflects that the defendant was provided meaningful representation (see People v Baldi, 54 NY2d 137, 147), counsel's performance did not fall below an objective standard of reasonableness, and there is no reasonable probability that the outcome of the trial would have been different but for counsel's alleged errors (see Strickland v Washington, 466 US 668, 689).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BARROS, J.P., CHAMBERS, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court