People v Frank (2024 NY Slip Op 05452)

People v Frank

2024 NY Slip Op 05452

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2019-13713
2023-06815
 (Ind. No. 1657/18)

[*1]The People of the State of New York, respondent,
v
Reggie Frank, appellant.

Patricia Pazner, New York, NY (David P. Greenberg of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Evelyn LaPorte, J.), rendered October 24, 2019, convicting him of assault in the second degree, criminal possession of a weapon in the third degree (two counts), and public lewdness in the first degree, upon a jury verdict, and imposing sentence, and (2) a resentence of the same court imposed December 4, 2019.
ORDERED that the appeal from so much of the judgment as imposed the sentence is dismissed, as that portion of the judgment was superseded by the resentence; and it is further,
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the adjudication of the defendant as a second felony offender; as so modified, the judgment is affirmed insofar as reviewed; and it is further,
ORDERED that the resentence is reversed, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the third degree under count 7 of the indictment, based upon his possession of pepper spray, beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to that count was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the Supreme Court did not err in granting the People's application to modify its Sandoval ruling (see People v Sandoval, 34 NY2d 371) so as to [*2]permit the prosecutor to elicit and present evidence concerning a prior conviction involving the possession of a knife. On direct examination, the defendant gave misleading testimony with respect to his possession of a knife, thereby opening the door to such evidence (see People v Manohar, 40 AD3d 1123, 1124; People v Brown, 11 AD3d 474, 475; People v Veneracion, 268 AD2d 363).
The defendant further contends that the Supreme Court's evidentiary ruling allowing the complainant's treating physician to testify regarding the nature and cause of some of the complainant's wounds deprived the defendant of his constitutional right to present a defense. However, his contention is unpreserved for appellate review (see People v Holder, 208 AD3d 593, 594; People v Estevez, 95 AD3d 1232) and, in any event, without merit (see People v Irizarry, 200 AD3d 428; see also People v Cronin, 60 NY2d 430).
The defendant contends that the Supreme Court erred in imposing consecutive sentences upon his convictions of assault in the second degree and criminal possession of a weapon in the third degree under count 7 of the indictment. Under Penal Law § 70.25(2), a sentence imposed "for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other . . . must run concurrently" (see People v Parks, 95 NY2d 811, 814). Further, "sentences imposed for two or more offenses may not run consecutively: (1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other" (id. [internal quotation marks omitted]). Here, the defendant correctly argues, and the People correctly concede, that because there was no designation of the alleged dangerous instrument used in committing the offense of assault in the second degree, the People failed to establish that this count and the charge of criminal possession of a weapon in the third degree under count 7 of the indictment were based upon separate and distinct acts (see id. at 815; People v Bryant, 225 AD3d 618, 620; People v Riley, 309 AD2d 879, 880). Therefore, the court erred in sentencing the defendant to consecutive prison terms on the second-degree assault count and the criminal possession of a weapon in the third degree count with respect to his possession of pepper spray (see People v Parks, 95 NY2d at 815).
Further, although the defendant failed to preserve for appellate review his contention that he was improperly sentenced as a second felony offender, we consider this issue in the exercise of our interest of justice jurisdiction (see CPL 470.15[6]; People v Rovinsky, 135 AD3d 969, 970). The defendant's prior conviction of burglary in the third degree in New Jersey does not constitute a felony in New York for the purposes of enhanced sentencing (see Penal Law § 70.06[1][b][i]; People v Rovinsky, 135 AD3d at 970; People v Casey, 82 AD3d 1005; NJ Stat Ann § 2C:18-2).
Accordingly, we vacate the adjudication of the defendant as a second felony offender, reverse the resentence imposed thereon, and remit the matter to the Supreme Court, Kings County, for resentencing.
In light of our determination, we need not reach the defendant's remaining contention (see People v Casey, 82 AD3d 1005).
IANNACCI, J.P., MALTESE, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court