People v Jones

2026 NY Slip Op 02524

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

v

KIMBERLY J. JONES, ALSO KNOWN AS KYMBERLY SMITH, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

156 KA 22-00780

Present: Bannister, J.P., Montour, Greenwood, Nowak, And Hannah, JJ.

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.

BRIAN P. GREEN, DISTRICT ATTORNEY, ROCHESTER (GRAZINA HARPER OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered April 20, 2022. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts), kidnapping in the first degree, robbery in the first degree, robbery in the second degree (two counts) and criminal possession of stolen property in the fourth degree.

[*1]

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that the concurrent sentences imposed on counts 5 and 6 of the indictment shall run concurrently with the concurrent sentences imposed on counts 1 and 4 of the indictment, and as modified the judgment is affirmed.

Memorandum: In this prosecution arising out of the disappearance and death of the victim, whose naked, decomposing body was located approximately one week after his disappearance in a vacant residential garage in Rochester and bound with restraints in various ways including to a post, defendant appeals from a judgment convicting her, following a joint trial with a codefendant before separate juries, of two counts of murder in the second degree (Penal Law §§ 20.20, 125.25 [2], [3] [depraved indifference and felony murder, respectively]), one count of kidnapping in the first degree (§§ 20.00, 135.25 [3]), one count of robbery in the first degree (§§ 20.00, 160.15 [1]), two counts of robbery in the second degree (§§ 20.00, 160.10 [1], [3]), and one count of criminal possession of stolen property in the fourth degree (§§ 20.00, 165.45 [5]).

Defendant contends that the evidence is legally insufficient to establish her guilt as either a principal or an accessory with respect to the counts of murder, kidnapping, and robbery. Even assuming, arguendo, that defendant's motion for a trial order of dismissal was sufficiently specific to preserve that contention for our review (see People v Colon, 192 AD3d 1567, 1569-1570 [4th Dept 2021], lv denied 37 NY3d 955 [2021]; People v Kithcart, 85 AD3d 1558, 1559 [4th Dept 2011], lv denied 17 NY3d 818 [2011]; see generally People v Gray, 86 NY2d 10, 19 [1995]), we conclude that it lacks merit. "[E]ven in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is 'whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People' " (People v Hines, 97 NY2d 56, 62 [2001], rearg denied 97 NY2d 678 [2001]; see People v Hancock, 229 AD3d 1229, 1230 [4th Dept 2024], lv denied 42 NY3d 1020 [2024]). Here, viewing the evidence in the light most favorable to the People (see Hines, 97 NY2d at 62; People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences from which the jury could find that defendant, either as a principal or an accomplice, kidnapped, robbed, and killed the victim (see Hancock, 229 AD3d at 1231).

Contrary to defendant's further contention, even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that, viewing the evidence "in light of the elements of the crime[s] as charged without objection" (People v Noble, 86 NY2d 814, 815 [1995]; see People v Danielson, 9 NY3d 342, 349 [2007]; see generally People v Bailey, 159 AD2d 1009, 1009 [4th Dept 1990]), the verdict is not against the weight of the evidence with respect to the counts of murder, kidnapping, and robbery (see Hancock, 229 AD3d at 1230-1231; People v Isaac, 195 AD3d 1410, 1410 [4th Dept 2021], lv denied 37 NY3d 992 [2021]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The People presented, among other things, surveillance footage and testimony establishing that defendant, whose clothing and wig were distinctive, had been with the codefendant in the lobby of a bank two days before the victim's disappearance and was walking in tandem with the codefendant along streets in the early morning hours on the day of the victim's disappearance. Surveillance footage then depicted defendant entering the victim's vehicle while the codefendant was nearby. The codefendant was shown less than an hour and a half later on video footage from an ATM, which was located close to where the victim's body was eventually found, driving the victim's vehicle, appearing to speak with someone in the back seat, and making a withdrawal from the victim's account. After further movements of the victim's vehicle around Rochester later on the morning of the victim's disappearance, the victim's vehicle was photographed traveling southwest on the Thruway in New York before eventually being depicted on surveillance footage pulling into a gas station in Pennsylvania. That surveillance footage showed defendant and the codefendant exiting the victim's vehicle and entering the gas station convenience store. The victim's vehicle was located in Florida two days later after being set on fire and, a few days after that, defendant and the codefendant appeared at a Florida pawn shop where they sold a gold chain and pendant that the victim had been wearing before his disappearance (see People v Carter, 96 AD3d 1520, 1521 [4th Dept 2012], amended on rearg 100 AD3d 1472 [4th Dept 2012], affd 21 NY3d 739 [2013]; People v Crosby, 158 AD3d 1300, 1302 [4th Dept 2018], lv denied 31 NY3d 1115 [2018]). Additionally, cell-site data and other evidence established that the codefendant's cell phone and the victim's cell phone had traveled together during the relevant time frame and consistent with the movements of the victim's vehicle, and defendant admitted to the police that she had destroyed her cell phone prior to leaving New York to avoid being tracked (see Isaac, 195 AD3d at 1410). Along with several other pieces of physical evidence located at the scene of the victim's death, investigators found a five-inch long, two-tone manufactured fiber that the examining forensic criminalist identified as a synthetic hair from a wig or hair extension product. Although the forensic pathologist who performed the autopsy could not determine the precise cause of death due to the decomposition of the victim's body, she was able to conclude to a reasonable degree of medical certainty upon her examination of the body and the various restraint materials on the hands, legs, and neck and jaw area that the victim died as a result of "homicidal violence," i.e., natural causes were ruled out (see People v Carter, 1 AD3d 1028, 1029 [4th Dept 2003], lv denied 2 NY3d 738 [2004]).

Based on the forgoing, we conclude that, contrary to defendant's assertion, "[t]his is not a case where the evidence established only defendant's mere presence at the scene of the crimes" (Hancock, 229 AD3d at 1230-1331). Moreover, even if the jury discredited the testimony that defendant made incriminating statements following her arrest to her jail cellmate, who had significant credibility issues, we conclude that defendant's guilt was nevertheless proved beyond a reasonable doubt " 'by a compelling chain of circumstantial evidence' establishing all of the elements of the crimes" that she now challenges on appeal (People v Collins, 106 AD3d 1544, 1545-1546 [4th Dept 2013], lv denied 21 NY3d 1072 [2013]). Consequently, upon our review of the evidence, we are satisfied that " 'the inference of guilt is the only one that can fairly and reasonably be drawn from the facts, and that the evidence excludes beyond a reasonable doubt every reasonable hypothesis of innocence' " (People v Baque, 43 NY3d 26, 30 [2024], quoting People v Sanchez, 61 NY2d 1022, 1024 [1984]).

With respect to the sentence, we conclude that Supreme Court erred in directing that the concurrent sentences imposed on the counts of robbery in the second degree run consecutively to the sentence imposed on the count of felony murder inasmuch as the indictment "did not specify which of the [available felony] counts served as the predicate for the felony murder count" (People v Davis, 68 AD3d 1653, 1655 [4th Dept 2009], lv denied 14 NY3d 839 [2010]; see People v Wilkins, 175 AD3d 867, 869 [4th Dept 2019], affd 37 NY3d 371 [2021]; People v Glover, 117 AD3d 1477, 1478 [4th Dept 2014], lv denied 23 NY3d 1036 [2014], reconsideration denied 24 NY3d 961 [2014]; see generally People v Parks, 95 NY2d 811, 814-815 [2000]). We [*2]conclude that the court also erred in directing that the concurrent sentences imposed on the counts of robbery in the second degree run consecutively to the sentence on the count of robbery in the first degree because "it is impossible to ascertain from the record whether the [robbery in the first degree] conviction[ was] based on defendant's conduct in relation to any particular [property], and concurrent sentences are required where, as here, 'it is impossible to determine whether the act that formed the basis for the jury's guilty verdict on [one] count . . . was also . . . the . . . act[ ] that formed the basis for its guilty verdict on [another] count' " (People v Plume, 145 AD3d 1469, 1472 [4th Dept 2016], quoting People v Alford, 14 NY3d 846, 848 [2010]; see Parks, 95 NY2d at 815). Although the legality of the sentence has not been raised by either party, we cannot allow an illegal sentence to stand (see People v Considine, 167 AD3d 1554, 1555 [4th Dept 2018]; Carter, 96 AD3d at 1522; see also Plume, 145 AD3d at 1473). We therefore modify the judgment by directing that the concurrent sentences imposed on counts 5 and 6 of the indictment for robbery in the second degree run concurrently with the concurrent sentences imposed on counts 1 and 4 of the indictment for, respectively, felony murder and robbery in the first degree. Notwithstanding our modification of the judgment, the aggregate sentence of 40 years to life imprisonment is unaffected (see People v Munford, 174 AD3d 412, 413 [1st Dept 2019], lv denied 34 NY3d 1018 [2019]; People v Thang Thanh Nguyen, 2 AD3d 1485, 1485 [4th Dept 2003]; People v Jeanty, 268 AD2d 675, 680 [3d Dept 2000], lv denied 94 NY2d 949 [2000]), and we reject defendant's contention that the aggregate sentence is unduly harsh and severe.

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court