■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN PORTER and NEHEMIAH RUFFIN, Respondents.—Appeal by the People from (1) so much of an order of the Supreme Court, Kings County, entered October 2, 1979, as dismissed the fourth count of the indictment against defendant Porter, and (2) an order of the same court entered November 21, 1979, which dismissed said count of the indictment against defendant Ruffin. Orders reversed insofar as appealed from, on the law, and the fourth count of the indictment is reinstated as against defendants Porter and Ruffin. We deem the notice of appeal amended so as to reflect the correct dates of the orders appealed from. The proof before the Grand Jury was sufficient to sustain the fourth count of the indictment (see CPL 190.65, subd 1). At the accusatory stage, legally sufficient evidence is prima facie evidence, not proof beyond a reasonable doubt (People v Mayo, 36 NY2d 1002, 1004). Mangano, J. P., Cohalan, Martuscello and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RESSY, Also Known as JOSE ORTIZ, Also Known as JOSE VICTOR, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 3, 1975, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with appellant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw as counsel is granted (see Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf. People v Gonzalez, 47 NY2d 606). Hopkins, J. P., Damiani, O'Connor and Weinstein, JJ., concur.