■ Soon Wu Hong, Respondent, v Rock McGraw, Inc., et al., Appellants, et al., Defendant. Rock McGraw, Inc., Third-Party Plaintiff-Appellant, v Jackson Heights Abatement Associates, Inc., Third-Party Defendant. [618 NYS2d 531] —Order, Supreme Court, New York County (Burton S. Sherman, J.), entered on or about August 30, 1993, which, *inter alia,* denied defendants-appellants' cross-motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

The IAS Court properly determined that plaintiff's motion for summary judgment was premature because defendants had not yet completed discovery.

The court also properly denied the cross-motion since there exist issues of fact, including whether or not the scaffold from which plaintiff fell was either defective or improperly secured. Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Tom, JJ.

■ The People of the State of New York, Respondent, v Harriot Dalton, Appellant. [618 NYS2d 530] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered February 26, 1992, convicting defendant, after jury trial, of murder in the second degree (depraved indifference) and sentencing him to a term of 9 years to life, to run consecutively to a sentence of 2⅓ to 7 years imposed for a previous conviction of assault in the first degree, unanimously affirmed.

Defendant's unprovoked firing of a .38 caliber gun at a group of unarmed, retreating youths from the middle of a public thoroughfare was reckless conduct which created a grave risk of death to another person and evinced a depraved indifference to human life. There is no reasonable view of the evidence which would support a finding of reckless manslaughter and the court properly declined to charge a lesser included offense of manslaughter in the second degree *(People v Roe,* 74 NY2d 20; *People v Sullivan,* 68 NY2d 495; *People v Gomez,* 65 NY2d 9; *People v Register,* 60 NY2d 270).

We have examined defendant's remaining contention that the prosecutor's summation deprived him of a fair trial, and find it to be without merit. Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Tom, JJ.