■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIN WAI, Also Known as JOHNNY CHU, Appellant. [724 NYS2d 852] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered June 15, 1998, convicting defendant, after two jury trials, of murder in the second degree and criminal possession of a weapon in the second and third degrees, and sentencing him to concurrent terms of 20 years to life, 5 to 15 years and 2⅓ to 7 years, respectively, unanimously affirmed.

The court properly declined to submit manslaughter in the second degree to the jury as a lesser included offense of depraved indifference murder. There was no reasonable view of the evidence, even when viewed most favorably to defendant, that defendant was merely reckless but did not evince a depraved indifference to human life and create a grave risk of death to bystanders when he fired his gun on a crowded street corner (see, People v Reese, 271 AD2d 551, lv denied 95 NY2d 968; People v Dalton, 209 AD2d 197, lv denied 85 NY2d 908). The evidence consistently established that at the time of the shooting there were many people at the intersection, including two groups of gang members, that defendant fired his gun at least two times, and that defendant was not pushed until after he fired.

The court properly denied defendant's CPL 330.30 (3) motion to set aside the verdict since the purported newly discovered evidence merely intended to impeach or discredit trial testimony (People v Salemi, 309 NY 208, 215-216, cert denied 350 US 950). Moreover, in view of the overwhelming evidence of defendant's guilt, testimony concerning a prosecution witness's bias against defendant would not have probably changed the result of the trial, particularly since the jury was aware of this bias and the witness's testimony was corroborated by other witnesses (see, People v Major, 222 AD2d 284, lv denied 88 NY2d 989). Concur—Nardelli, J. P., Mazzarelli, Wallach, Lerner and Friedman, JJ.