■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHEEN MILLS, Appellant. [737 NYS2d 890] —Appeal from a judgment of Erie County Court (D'Amico, J.), entered March 31, 2000, convicting defendant after a jury trial of, inter alia, murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him of murder in the second degree (Penal Law § 125.25 [2]) and criminal possession of a weapon in the second degree (Penal Law § 265.03 [2]). Defendant was sentenced to concurrent terms of incarceration, the longest of which is an indeterminate term of 25 years to life. Contrary to defendant's contention, the prosecutor was not required to instruct the grand jury on the defense of justification. The prosecutor must instruct the grand jury concerning only "those 'complete' defenses which the evidence will support" (*People v Lancaster,* 69 NY2d 20, 26, *cert denied* 480 US 922), and here the evidence before the grand jury did not support the defense of justification (*see, People v Mitchell,* 82 NY2d 509, 514-515; *People v Workman,* 277 AD2d 1029, 1031, *lv denied* 96 NY2d 764; *People v Brunson,* 226 AD2d 1093, 1094, *lv dismissed* 88 NY2d 981).

County Court properly denied defendant's request to charge reckless manslaughter and criminally negligent homicide as lesser included offenses of depraved indifference murder. There is no reasonable view of the evidence that defendant commit-

ted the lesser offenses but not the greater (*see, People v Jin Wai,* 283 AD2d 326, *lv denied* 96 NY2d 917, 920; *People v Lewis,* 277 AD2d 1022, 1023, *lv denied* 96 NY2d 802).

The sentence is not unduly harsh or severe given the violent nature of the crime. Defendant's remaining contentions are unpreserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Present— Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Burns, JJ.