THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PARTON, Appellant. [808 NYS2d 531]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered May 23, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts) and robbery in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by directing that the sentence imposed on count five of the indictment shall run concurrently with the sentences imposed on

counts one and four of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts each of murder in the second degree (Penal Law § 125.25 [2], [3]) and robbery in the first degree (§ 160.15 [1], [3]). We reject defendant's contention that Supreme Court erred in refusing to submit manslaughter in the second degree as a lesser included offense of depraved indifference murder (*see People v James*, 19 AD3d 616, 617 [2005], *lv denied* 5 NY3d 807 [2005]; *People v Libardi*, 12 AD3d 534, 535 [2004], *lv denied* 4 NY3d 765 [2005]). There is no reasonable view of the evidence, viewed in the light most favorable to defendant (*see People v Randolph*, 81 NY2d 868, 869 [1993]), that defendant and his accomplice did not act under circumstances "evincing a depraved indifference to human life" (Penal Law § 125.25 [2]; *see People v Platt*, 299 AD2d 496 [2002], *lv denied* 99 NY2d 618 [2003]; *People v Hernandez*, 297 AD2d 389 [2002], *lv denied* 98 NY2d 768 [2002]; *People v Mills*, 291 AD2d 844, 844-845 [2002], *lv denied* 98 NY2d 678, 99 NY2d 538 [2002]). Contrary to the further contention of defendant, he was not entitled to a missing witness charge based upon the People's failure to call his accomplice as a witness. The testimony of defendant's accomplice "would [have been] 'presumptively suspect' . . . or subject to impeachment detrimental to the People's case" (*People v Arnold*, 298 AD2d 895, 895 [2002], *lv denied* 99 NY2d 580 [2003]; *see People v Batson*, 219 AD2d 538 [1995], *lv denied* 87 NY2d 844 [1995]).

The court properly imposed consecutive sentences of imprisonment on the counts of depraved indifference murder under Penal Law § 125.25 (2) and robbery in the first degree under Penal Law § 160.15 (1). "[T]here is evidence that the serious physical injury necessary for the robbery conviction was caused by an act other than the homicidal act" (*People v Meehan*, 229 AD2d 715, 718 [1996], *lv denied* 89 NY2d 926 [1996]; *see People v Fulton*, 257 AD2d 774, 776 [1999], *lv denied* 93 NY2d 1018 [1999]; *People v Gonsa*, 220 AD2d 27, 33 [1996], *lv denied* 89 NY2d 923 [1996]; *cf. People v Laureano*, 87 NY2d 640, 645 [1996]; *People v Hyde*, 240 AD2d 849, 851-852 [1997], *lv denied* 91 NY2d 874 [1997]). However, the court erred in directing that the sentence imposed on the aforementioned robbery count shall run consecutively to the sentences imposed on the remaining counts, robbery in the first degree under Penal Law § 160.15 (3) and felony murder under Penal Law § 125.25 (3). The sentences imposed on the two robbery counts must run concurrently because those crimes were committed through the same

act or omission (*see* § 70.25 [2]). Moreover, the sentence imposed on the count of robbery in the first degree under Penal Law § 160.15 (1) must run concurrently with that imposed on the count of felony murder inasmuch as the indictment did not specify which of the two counts of robbery in the first degree served as the predicate for the charge of felony murder (*see People v Parks*, 95 NY2d 811, 814-815 [2000]; *People v Riley*, 309 AD2d 879, 880 [2003], *lv denied* 1 NY3d 633 [2004]). We therefore modify the judgment by directing that the sentence imposed on count five charging robbery in the first degree under Penal Law § 160.15 (1) shall run concurrently with the sentences imposed on count one charging felony murder and count four charging robbery in the first degree under Penal Law § 160.15 (3).

Finally, the sentence as modified is not unduly harsh or severe. Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ.