■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOUSSAINT DAVIS, Also Known as JOHN T. HEALY and as TOUS-SAINT MARTIN, Appellant. [893 NYS2d 411]—

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of one count of murder in the second degree (Penal Law § 125.25 [3]), 12 counts of robbery in the first degree (§ 160.15 [1], [2]) and six counts of robbery in the second degree (§ 160.10 [1]). We reject defendant's contention that County Court erred in refusing to dismiss the indictment based on the fact that a sitting supreme court justice served as the foreperson of the grand jury. A grand jury is "impaneled by a superior court and constitut[es] a part of such court" (CPL 190.05), but a superior court is defined as "[t]he supreme court" or "[a] county court," rather than as a single entity comprised of individual justices or judges (CPL 10.10 [2] [a], [b]). Thus, contrary to defendant's contention, it cannot be said that every supreme court justice is "a part of" every grand jury impaneled throughout the state (CPL 190.05). We conclude that the supreme court justice who served as the grand jury foreperson was not required to recuse herself because the record establishes that she was not a part of the superior court that impaneled the grand jury herein. We further reject defendant's contention that the participation of a sitting supreme court justice on a grand jury was improper. The Legislature repealed Judiciary Law § 511 (4), which listed "a judge of the unified court system" as a person disqualified from serving as a juror. It is within the province of the Legislature to modify, "within constitutional limits . . . , the scope of the [g]rand [j]ury's power, as well as the rules governing its formation" (*People v Williams*, 73 NY2d 84, 88 [1989]). To the extent that defendant challenges the constitutionality of the repeal of Judiciary Law § 511 (4), that challenge is not properly before us in the absence of any indication in the record that the Attorney General was given the requisite notice of that challenge (*see* Executive Law § 71 [1]; *People v Schaurer*, 32 AD3d 1241 [2006]). Even assuming, arguendo, that such notice was provided, we would nevertheless conclude that defendant has not articulated a cognizable basis for that challenge and thus has failed to meet his burden of "surmount[ing] the presumption of constitutionality accorded to legislative [action] by proof beyond a reasonable doubt" (*St. Joseph Hosp. of Cheektowaga v Novello*, 43 AD3d 139, 143 [2007], *appeal dismissed* 9 NY3d 988 [2007], *lv denied* 10 NY3d 702 [2008] [internal quotation marks omitted]; *see generally Matter of Moran Towing Corp. v Urbach*, 99 NY2d 443, 448 [2003]).

We reject defendant's contention that the court erred in refusing to dismiss the indictment pursuant to CPL 210.20 (1) (c) on the ground that the grand jury proceeding was defective. Inasmuch as the grand jury foreperson was qualified to serve as a juror pursuant to Judiciary Law §§ 500 and 510, as well as

CPL 190.20 (2) (b), we conclude that the grand jury was not "illegally constituted" and therefore was not defective pursuant to CPL 210.35 (1). Defendant's further contention that the grand jury proceeding was defective pursuant to CPL 210.35 (5) lacks merit because defendant failed to meet his burden of establishing "the existence of defects impairing the integrity of the [g]rand [j]ury proceeding and giving rise to a possibility of prejudice" (*People v Santmyer*, 255 AD2d 871, 871-872 [1998], *lv denied* 93 NY2d 902 [1999]).

In addition, we reject defendant's contention that the court erred in instructing the jury with respect to the "immediate flight" element of murder in the second degree (Penal Law § 125.25 [3]). The court properly instructed the jury that it could consider "any . . . evidence presented during the trial that [it found] relevant on the issue of immediate flight," and the court did not determine as a matter of law that any police custody or arrest of defendant prior to the murder was irrelevant (*cf. People v Irby*, 47 NY2d 894, 895 [1979]; *see generally People v Gladman*, 41 NY2d 123, 129 [1976]). Defendant's contention that the court erred in admitting in evidence a glove found on the floor of a patrol vehicle after defendant's arrest and transport to the police station is also without merit. "Where, as here, the circumstances provide reasonable assurances of the identity and unchanged condition of the evidence, any deficiencies in the chain of custody go to the weight of the evidence and not its admissibility" (*People v Witherspoon*, 66 AD3d 1456, 1459 [2009] [internal quotation marks omitted]; *see People v Hawkins*, 11 NY3d 484, 494 [2008]).

We agree with defendant, however, that the court erred in failing to direct that all sentences shall run concurrently with respect to each other, and we therefore modify the judgment accordingly. The sentences imposed on the counts of robbery in the first and second degrees must run concurrently with the sentence imposed on the count of felony murder because the indictment did not specify which of the robbery counts served as the predicate for the felony murder count (*see People v Parks*, 95 NY2d 811, 814-815 [2000]; *People v Parton*, 26 AD3d 868, 870 [2006], *lv denied* 7 NY3d 760 [2006]). Further, the sentences imposed on the 18 robbery counts must run concurrently because the robberies were committed through the same act or omission (*see* Penal Law § 70.25 [2]; *Parton*, 26 AD3d at 869-870). In view of our determination, we do not address defendant's remaining contention. Present—Scudder, P.J., Fahey, Peradotto and Gorski, JJ.