■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LEO E. WADDELL JR., Respondent. [910 NYS2d 317]—

Spain, J. Appeal from an order of the County Court of Broome County (Cawley, J.), entered March 11, 2009, which granted defendant's motion to dismiss the indictment.

Defendant was charged in an indictment with assault in the second degree and criminal possession of a weapon in the third degree. As part of a subsequent omnibus motion, defendant sought dismissal of the indictment on the basis of perceived defects in the grand jury proceeding. Following its examination of the grand jury minutes, County Court agreed that the integrity of the grand jury proceeding was impaired and dismissed the indictment (*see* CPL 210.20 [1] [c]; 210.35 [5]). Specifically, County Court found that defendant was prejudiced by the People's failure to advise the grand jury that it was the prosecution's burden to disprove a potential justification defense. Although County Court granted the People's request to reconsider that determination, it nonetheless adhered to its

original ruling in a second decision.[1] The People appeal and we reverse.

"[A] [g]rand [j]ury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law" (*People v Calbud, Inc.*, 49 NY2d 389, 394 [1980]). Rather, it is sufficient that the grand jury be provided with enough information for it to intelligently decide whether a crime has been committed and whether legally sufficient evidence exists to establish the material elements of that crime (*see id.* at 394-395). "[W]here the evidence suggests that a complete defense such as justification may be present, the prosecutor must [also] charge the grand jurors on that defense, providing enough information to enable them to determine whether the defense, in light of the evidence, should preclude the criminal prosecution" (*People v Goetz*, 68 NY2d 96, 115 [1986]).

As relevant here, the complainant and a witness—who were both guests in defendant's apartment when the alleged crime occurred—testified before the grand jury. Whereas the complainant stated that defendant struck her with an object on the back of the head three times as she was peacefully exiting his apartment, the witness indicated that the complainant was the initial aggressor who, unprovoked, began punching defendant and scratching him in the face.[2] Accordingly, after instructing the grand jury on the elements of the charged crimes, the prosecutor advised the grand jurors as to the possible applicability of a justification defense. In doing so, the prosecutor utilized language consistent with Penal Law § 35.15 (1), then stated: "Only if you find that the defendant . . . was not justified in using deadly physical force against the complainant and only if you further find that all the elements of the crime of assault in the second degree are established by legally sufficient evidence and reasonable cause to believe, you may return a true bill. Does everybody understand that? There's a circumstance when you can use physical force and you're justified in that, and there's a time when you can use deadly physical force and you're justified in that. You need to determine which force [defendant] used in this and if he was justified in using under the circumstances [*sic*] . . . Does anybody have any questions with regard to any of these charges or any of the definitions I've read to

---

**1.** Both of County Court's decisions authorized the People to re-present the charges to a new grand jury.

**2.** Both individuals offered detailed testimony regarding their respective versions of the events that transpired. We reach no conclusions with respect thereto.

you?" The grand jury made an unrelated inquiry with respect to the criminal possession of a weapon charge, but was otherwise silent; following deliberations, it voted to indict defendant.

While the foregoing lacks any express reference to the People's burden of disproving a justification defense beyond a reasonable doubt, it nonetheless implicitly conveyed this obligation and satisfied the prosecution's duty as legal advisor to the grand jury (*see* CPL 190.25 [6]; *People v Calbud, Inc.*, 49 NY2d at 395 n 1; *People v Lopez*, 113 AD2d 475, 478-479 [1985], *lv denied* 67 NY2d 946 [1986]). Indeed, " '[a]t the accusatory stage, legally sufficient evidence is prima facie evidence, not proof beyond a reasonable doubt' " (*People v Lopez*, 113 AD2d at 479, quoting *People v Porter*, 75 AD2d 901 [1980]; *see People v Mayo*, 36 NY2d 1002, 1004 [1975]). Accordingly, as the grand jury is not responsible for determining an accused's ultimate guilt or innocence, the People's instructions provided adequate guidance for the grand jury to carry out the role it is called upon to fulfill—determining whether a prima facie case exists (*see People v Calbud, Inc.*, 49 NY2d at 394, 396; *People v Valles*, 62 NY2d 36, 37-38 [1984]; *People v Cannon*, 210 AD2d 764, 766-767 [1994]). Simply put, the grand jury received sufficient instruction on the proper standard for indictment (*see People v Lopez*, 113 AD2d at 479).

Peters, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the order is reversed, on the law, motion denied and indictment reinstated.