■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINIC DENNARD, Appellant. [55 NYS3d 566]—

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Onondaga County Court (Joseph E. Fahey, J.), entered July 3, 2014. The order denied defendant's motion pursuant to CPL 440.20 to set aside his sentence.

It is hereby ordered that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order that denied his motion pursuant to CPL 440.20 seeking to set aside the sentence imposed upon his conviction of two counts each of murder in the second degree (Penal Law § 125.25 [3] [felony murder]) and robbery in the first degree (§ 160.15 [2]), and one count each of burglary in the first degree (§ 140.30 [1]) and criminal possession of a weapon in the second degree (former § 265.03 [2]), in connection with the armed robbery of four

men, and the death of one of those victims. We previously affirmed the judgment of conviction (*People v Dennard*, 39 AD3d 1277 [2007], *lv denied* 9 NY3d 842 [2007]). We reject defendant's contention that the sentence was "unauthorized, illegally imposed or otherwise invalid as a matter of law" (CPL 440.20 [1]). Contrary to defendant's contention, the imposition of consecutive sentences for his conviction of robbery in the first degree, relating to the three surviving victims, and the felony murder predicated on robbery was proper (*see* Penal Law § 70.25 [2]; *see generally People v Parks*, 95 NY2d 811, 814-815 [2000]). Even assuming, arguendo, that the jury charge did not adequately specify which robbery served as the predicate offense for the count of felony murder, we conclude that the indictment explicitly stated that the robbery of the murder victim was the predicate offense (*cf. People v Davis*, 68 AD3d 1653, 1655 [2009], *lv denied* 14 NY3d 839 [2010]; *People v Parton*, 26 AD3d 868, 870 [2006], *lv denied* 7 NY3d 760 [2006]). We further conclude that the remaining consecutive sentences were lawful inasmuch as the conduct underlying the offenses for which those sentences were imposed constituted "separate and distinct acts" (*People v Laureano*, 87 NY2d 640, 643 [1996]). Present—Centra, J.P., Peradotto, Carni, NeMoyer and Curran, JJ.