People v Ball (2019 NY Slip Op 06295)





People v Ball


2019 NY Slip Op 06295


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


585 KA 19-00136

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
JAMES BALL, DEFENDANT-RESPONDENT. 






WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR APPELLANT.
MICHAEL SPANO, SYRACUSE, FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Onondaga County Court (Thomas J. Miller, J.), dated July 10, 2018. The order granted defendant's motion to dismiss the indictment. 
It is hereby ORDERED that the order so appealed from is affirmed.
Memorandum: This appeal arises from an incident during which defendant shot and killed his brother-in-law (decedent). During the People's grand jury presentation, defendant's wife testified regarding the events leading up to the decedent's death. According to that testimony, on the night of the incident, defendant's wife had been sleeping in the home that she shared with defendant when she awoke to noise coming from the basement. Upon entering the basement, she observed defendant holding his ear and heard him say that the decedent had attacked him. Defendant's wife told the decedent to sleep on a couch, and she and defendant went upstairs to their bedroom. There, defendant again stated that the decedent had attacked him, and he also said that the decedent had damaged the basement. Defendant and his wife then went back downstairs, where the decedent attacked defendant, placed him in a headlock, and threatened to kill him. Defendant's wife told the decedent to stop, asking him to "do it for your niece," at which point the decedent relented.
Defendant's wife then escorted the decedent out of the home and into the front yard, urging him to get into her car. During that time, defendant went upstairs inside the home and retrieved a firearm. Meanwhile, the decedent, despite being instructed by defendant's wife not to do so, stepped around her and walked back toward defendant's home. Defendant's wife then heard several gunshots and saw the decedent lying across the threshold of the home.
During a recess in the grand jury proceeding, defendant asked the People to deliver to the grand jury foreperson a letter requesting, among other things, that the grand jurors be charged with respect to the justifiable use of physical force in defense of a person pursuant to Penal Law § 35.15 and the justifiable use of physical force in defense of premises and in defense of a person in the course of a burglary pursuant to § 35.20 (3). The People did not deliver the letter to the foreperson.
The People instructed the grand jury on the law with respect to murder in the second degree (Penal Law § 125.25 [1]), manslaughter in the first degree (§ 125.20 [1]), and the justification defense pursuant to Penal Law § 35.15; however, the People did not instruct the grand jury with respect to the justification defense pursuant to
§ 35.20 (3). The grand jury returned an indictment charging defendant with both murder in the second degree and manslaughter in the first degree.
Defendant subsequently moved to dismiss the indictment on the ground that, inter alia, the grand jury proceeding was defective because the People failed to deliver the letter to the [*2]foreperson and thereafter failed to instruct the grand jury on the justification defense pursuant to Penal Law § 35.20 (3), as requested in the letter. County Court agreed with defendant on, inter alia, that ground and issued an order dismissing the indictment. The People now appeal from that order and request that we reverse the order and reinstate the indictment.
Contrary to the People's contention, however, we conclude that the court properly dismissed the indictment based on the People's failure to instruct the grand jury on the justification defense pursuant to Penal Law § 35.20 (3), as requested in the letter. A court may dismiss an indictment on the ground that a grand jury proceeding is defective where, inter alia, the proceeding is so irregular "that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35 [5]; see CPL 210.20 [1] [c]). With respect to grand jury instructions, CPL 190.25 (6) provides, as relevant here, that, "[w]here necessary or appropriate, the court or the district attorney, or both, must instruct the grand jury concerning the law with respect to its duties or any matter before it." "If the prosecutor fails to instruct the grand jury on a defense that would eliminate a needless or unfounded prosecution, the proceeding is defective, mandating dismissal of the indictment" (People v Graham, 148 AD3d 1517, 1519 [4th Dept 2017]; see People v Valles, 62 NY2d 36, 38-39 [1984]). Under the circumstances of this case, we conclude that an instruction regarding the justification defense pursuant to Penal Law § 35.20 (3) was warranted, and the prosecutor's failure to provide that instruction impaired the integrity of the grand jury proceeding (see CPL 210.35 [5]). Furthermore, we conclude that the error was not cured by the instruction regarding the justification defense under Penal Law
§ 35.15 (see generally People v Deis, 97 NY2d 717, 719-720 [2002]). We therefore affirm the court's order dismissing the indictment.
In light of our determination, we do not address the People's remaining contentions.
All concur except Nemoyer and Curran, JJ., who dissent and vote to reverse in accordance with the following memorandum: We respectfully dissent, and vote to reverse the order and reinstate the indictment, because we disagree with the majority's conclusion that County Court should have instructed the grand jury with respect to the justifiable use of physical force in defense of premises and in defense of a person in the course of a burglary pursuant to Penal Law § 35.20 (3).
A court may dismiss an indictment where the grand jury proceeding is defective (see CPL 210.20 [1] [c]), i.e., where the proceeding is so irregular "that the integrity thereof [was] impaired and prejudice to the defendant may [have] result[ed]" (CPL 210.35 [5]). Further, "[d]ismissal of [the] indictment[] under CPL 210.35 (5) should . . . be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice[d] the ultimate decision reached by the [g]rand [j]ury. The likelihood of prejudice turns on the particular facts of each case, including the weight and nature of the admissible proof adduced to support the indictment and the degree of inappropriate prosecutorial influence or bias" (People v Huston, 88 NY2d 400, 409 [1996]).
We agree with the People that the evidence adduced before the grand jury did not support an instruction for justification in defense of premises under Penal Law § 35.20 (3) (see People v Mitchell, 82 NY2d 509, 514 [1993]; People v Almeida, 128 AD3d 1451, 1451 [4th Dept 2015], lv denied 26 NY3d 1006 [2015]; People v Mills, 291 AD2d 844, 844 [4th Dept 2002], lv denied 98 NY2d 678 [2002], reconsideration denied 99 NY2d 538 [2002]). In reaching that conclusion, we are mindful that, "[g]iven th[e] functional difference between the two bodies, it would be unsound to measure the adequacy of the legal instructions given to the [g]rand [j]ury by the same standards that are utilized in assessing a trial court's instructions to a petit jury" (People v Calbud, Inc., 49 NY2d 389, 394 [1980]).
It follows that "a [g]rand [j]ury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law" (id.). Rather, "it [is] sufficient if the District Attorney provides the [g]rand [j]ury with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime" (id. at 394-395). "This does not mean, however, that the [g]rand [j]ury must be charged with every potential defense suggested by the evidence" (People v Valles, 62 NY2d 36, 38 [1984] [emphasis added]). Indeed, the Court of Appeals has eschewed a bright-line rule requiring that the grand jury be instructed [*3]on all "exculpatory" defenses, rather than merely "mitigating" ones, explaining that "Valles does not require that every complete defense suggested by the evidence be charged to the [g]rand [j]ury" (People v Lancaster, 69 NY2d 20, 27 [1986]). Instead, " whether a particular defense need be charged depends upon its potential for eliminating a needless or unfounded prosecution' " (id.; see Mitchell, 82 NY2d at 514; People v Angona, 119 AD3d 1406, 1407 [4th Dept 2014], lv denied 25 NY3d 987 [2015]).
We discern no potential for prejudice to defendant in the People's failure to instruct the grand jury on justification in defense of premises because the grand jury rejected the instruction that was given regarding justification in defense of a person pursuant to Penal Law § 35.15 (1) and (2) (see generally People v Waddell, 78 AD3d 1325, 1327 [3d Dept 2010], lv denied 16 NY3d 837 [2011]; People v Mujahid, 45 AD3d 1184, 1186 [3d Dept 2007], lv denied 10 NY3d 814 [2008]). We disagree with the majority that the operative facts adduced at the grand jury proceeding, if believed, would have resulted in a finding of no criminal liability based on a defense-of-premises charge. Any reasonable fear that defendant would have had with respect to whether the decedent was going to burglarize his home was the same fear that he would have felt with respect to whether decedent was going to harm his person. Based on the operative facts, we highly doubt that, in the moments leading up to decedent's death, defendant was concerned with defending his home from burglary by a family member who would otherwise be presumed to have permission to enter the home.
Under the unique circumstances of this case (see Huston, 88 NY2d at 409), therefore, we discern no basis upon which the grand jury would have credited the theory of defense of premises where it had already rejected the defense-of-a-person theory. Thus, absent evidence of "prosecutorial wrongdoing, fraudulent conduct or [prejudicial] error[]" (id.), we cannot conclude that defendant met the "very precise and very high" statutory test to show that the grand jury proceeding was impaired by the People's failure to include an instruction for justification in defense of premises (People v Darby, 75 NY2d 449, 455 [1990]).
Finally, we note our concern that the majority's approach creates a new and burdensome precedent that injects the courts too deeply into the grand jury process, effectively requiring the People to always charge every complete defense that is potentially plausible, irrespective of the People's view of the evidence, which vitiates their "wide discretion in presenting their case to the [g]rand [j]ury" (Lancaster, 69 NY2d at 25). We decline to engage in that endeavor.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court