People v Cutting (2022 NY Slip Op 03944)

People v Cutting

2022 NY Slip Op 03944

Decided on June 16, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 16, 2022

111983
[*1]The People of the State of New York, Respondent,
v
Cody R. Cutting, Appellant.

Calendar Date:April 26, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Hug Law, PLLC, Albany (Matthew C. Hug of counsel), for appellant.
Jason M. Carusone, Special Prosecutor, Lake George, for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Essex County (Meyer, J.), rendered March 4, 2019, upon a verdict convicting defendant of the crimes of manslaughter in the second degree and menacing in the second degree.
In 2018, defendant was involved in an altercation with the victim during which defendant shot and killed him. Defendant was subsequently charged by indictment with various crimes and, following a jury trial, was convicted of manslaughter in the second degree and menacing in the second degree. County Court sentenced defendant to concurrent prison terms, the greatest of which was 5 to 15 years. Defendant appeals. We affirm.
Defendant argues that the verdict is against the weight of the evidence because he acted in self-defense and was therefore justified in using deadly force.[FN1] "[U]nless the defendant is the initial aggressor, he or she may use physical force upon another person when and to the extent he or she reasonably believes such to be necessary to defend himself, herself or a third person from what he or she reasonably believes to be the use or imminent use of unlawful physical force by such other person" (People v Williams, 161 AD3d 1296, 1296-1297 [2018] [internal quotation marks and citation omitted], lv denied 32 NY3d 942 [2018]). "[H]owever, a person who reasonably believes that another is about to use deadly physical force is not free to reciprocate with deadly physical force if [such person] knows that he [or she] can with complete safety as to himself, [herself] and others avoid the necessity of so doing by retreating" (People v Russell, 91 NY2d 280, 290 [1998] [internal quotation marks and citation omitted]).
The People tendered proof that, prior to the shooting, defendant had consumed alcohol and got into a verbal and physical altercation with the victim at a social club. Although they eventually calmed down, their tempers re-escalated. Defendant then went outside of the club to the parking lot and was followed by the victim. A witness testified that defendant went to his truck to reach for something and that the victim was not within reach of defendant. The witness stated that nothing prevented defendant from leaving the parking lot by walking away or driving in his truck. Defendant retrieved a handgun and pointed it at the victim, who then froze. According to the witness, the victim did not have a weapon. Defendant and the victim engaged in a physical fight, during which defendant continually possessed the handgun. Defendant eventually shot the victim, who died.
Meanwhile, defendant maintains that the victim was the initial aggressor, that he feared that the victim was going to kill him and that he was unable to retreat from the victim. Indeed, defendant offered proof to support this position. To that end, a contrary result would not have been unreasonable had the jury believed such proof. The contrasting version of events nonetheless presented a credibility issue for resolution by the jury, [*2]and it appears that the jury rejected defendant's version of what transpired between him and the victim (see People v Gibson, 141 AD3d 1009, 1012 [2016]; People v Green, 121 AD3d 1294, 1295 [2014], lv denied 25 NY3d 1164 [2015]). Viewing the evidence in a neutral light and deferring to the jury's assessment of witness credibility, the rejection of the justification defense is not against the weight of the evidence (see People v Harris, 186 AD3d 907, 910 [2020], lv denied 36 NY3d 1120 [2021]; People v Gaillard, 162 AD3d 1205, 1207 [2018], lv denied 32 NY3d 1064 [2018]; People v Newland, 83 AD3d 1202, 1205 [2011], lv denied 17 NY3d 798 [2011]; People v Durand, 188 AD2d 747, 747 [1992], lv denied 81 NY2d 884 [1993]).
Finally, County Court considered, among other things, defendant's expressed remorse and lack of a criminal history, the letters in support of a lenient sentence, a statement made by the victim's mother and the gravity of the committed crimes. That said, a reduction of the imposed sentence in the interest of justice is not warranted (see People v Hodgins, 202 AD3d 1377, 1382 [2022]; People v James, 176 AD3d 1492, 1496 [2019], lv denied 34 NY3d 1078 [2019]).
Egan Jr., J.P., Lynch, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant's legal sufficiency argument is not preserved because he did not direct his trial motion to dismiss at the counts charging him with manslaughter in the second degree or menacing in the second degree (see People v Alvarez, 38 AD3d 930, 934 [2007], lv denied 8 NY3d 981 [2007]).