People v Ashley (2023 NY Slip Op 02432)

People v Ashley

2023 NY Slip Op 02432

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CURRAN, OGDEN, AND GREENWOOD, JJ.

341 KA 22-00421

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GAGE B. ASHLEY, DEFENDANT-APPELLANT. 

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered December 16, 2021. The judgment convicted defendant upon a plea of guilty of murder in the second degree, attempted robbery in the first degree, conspiracy in the fourth degree, murder in the first degree, criminal possession of a weapon in the second degree, and tampering with physical evidence. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the omnibus motion seeking to dismiss the indictment is granted, and the indictment is dismissed without prejudice to the People to re-present any appropriate charges to another grand jury.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, murder in the first degree (Penal Law § 125.27 [1] [a] [vii]; [b]). Defendant contends that County Court erred in refusing to dismiss the indictment pursuant to CPL 210.20 (1) (c) and 210.35 (1) on the ground that the grand jury was illegally constituted. Specifically, he contends that the grand jury was illegally constituted because one of the grand jurors was not qualified to serve due to a prior felony conviction (see Judiciary Law § 510; see generally People v Davis, 68 AD3d 1653, 1654-1655 [4th Dept 2009], lv denied 14 NY3d 839 [2010]). We agree.
CPL 210.20 (1) (c) authorizes a court to dismiss an indictment on the ground that "[t]he grand jury proceeding was defective, within the meaning of [CPL] 210.35." As relevant here, CPL 210.35 provides that "[a] grand jury proceeding is defective . . . when . . . [t]he grand jury was illegally constituted" (CPL 210.35 [1]). A grand jury is illegally constituted when, inter alia, one of its members is not qualified to serve as a juror pursuant to the Judiciary Law (see generally Davis, 68 AD3d at 1654-1655). Here, it is undisputed that the grand jury was illegally constituted because one of the grand jurors had been convicted of a felony, rendering him unqualified to serve as a grand juror (see Judiciary Law §§ 501, 510 [3]).
Despite the illegally constituted grand jury, the court nonetheless determined that dismissal of the indictment was unwarranted inasmuch as the alleged defect did not result in any prejudice to defendant. We conclude that it was error for the court to require a showing of prejudice before dismissing the indictment for a violation of CPL 210.35 (1). The Court of Appeals has held that "[t]he clear intention of [the drafters of CPL 210.35] was to establish a rule of automatic dismissal [of an indictment] for a limited number of improprieties that were deemed most serious"—including, inter alia, "the specific defect[] delineated in" CPL 210.35 (1) (People v Williams, 73 NY2d 84, 90-91 [1989] [emphasis added]; see also People v Perry, 199 AD2d 889, 891 [3d Dept 1993], lv denied 83 NY2d 856 [1994]). With respect to those most serious improprieties, "judicial inquiries into prejudice to the accused or other forms of actual harm are wholly out of place" (Williams, 73 NY2d at 91). Any consideration of prejudice is limited to defects alleged in connection with the catchall provision of CPL 210.35 (5) (see generally People [*2]v Thompson, 169 AD3d 1473, 1474 [4th Dept 2019], lv denied 33 NY3d 1074 [2019]; Davis, 68 AD3d at 1654-1655). Here, as noted above, there is no dispute that the grand jury proceedings were defective under CPL 210.35 (1) due to the presence of the unqualified grand juror, and therefore the court should have automatically dismissed the indictment without requiring any showing of prejudice by defendant (see Williams, 73 NY2d at 91).
In light of our determination, defendant's remaining contentions are academic.
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court